The Frederickson Co. v. Lewinsohn, 191 Ill. App. 17.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 6*—*when evidence shows refusal of tenant to accept written lease.* Evidence *held* to show that a tenant did not accept a written lease, although he signed one of the duplicates, where he afterwards scratched out his signature and sent it to the landlord stating that he refused to be bound thereby for the reason it did not include a certain oral agreement, and this although the evidence showed that he did not return the other duplicate, which was not signed by him.

2. LANDLORD AND TENANT, § 330*—*form of judgment when proof fails to establish lease sued on.* In an action based solely on a written lease, where the defendant denied his acceptance thereof and set up a different contract under which he conceded he owed plaintiff a certain sum, *held* that on failure of plaintiff to prove the lease sued on, and his failure to amend his statement of claim, the court could enter only a judgment of dismissal or for the defendant for costs, and that it was error to enter a judgment in favor of plaintiff for the amount conceded by defendant to be due upon the other contract.

3. SET-OFF AND RECOUPMENT, § 18*—*claims of recoupment.* A claim of recoupment must arise out of the contract upon which the suit is brought, or be connected in some manner directly therewith.

4. SET-OFF AND RECOUPMENT, § 37*—*necessity of proving contract out of which claim for recoupment arises.* Where a plaintiff fails to prove the contract sued on, the defendant cannot prove another and different contract and then recoup damages for its breach.

---

## The Frederickson Company, Defendant in Error, v. S. A. Lewinsohn, Plaintiff in Error.

### Gen. No. 19,754.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 31, 1914.

## Statement of the Case.

Action in the Municipal Court of Chicago by The Frederickson Company, a corporation, against S. A.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXXI 2

Lewinsohn to recover the price of goods sold and delivered. The plaintiff's statement of claim is "for goods, wares and merchandise bargained, sold and delivered by the plaintiff to defendant at the special instance and request of defendant," which merchandise consisted of 1,000 "daily pad" calendars delivered to defendant at different times between December 9, 1912, and December 30, 1912. The affidavit attached to the statement of claim states that this is a suit "upon contract for the payment of money; that the nature of the plaintiff's demand is for goods, wares and merchandise sold and delivered as above set out in the amended statement of claim," and that there is due to the plaintiff three hundred dollars, etc.

To this statement of claim, plaintiff in error filed an affidavit of merits, stating that he had a good defense upon the merits of the whole of the plaintiff's demand; "that said goods, wares and merchandise were not the goods, wares and merchandise which were sold to the defendant, in that (1) they did not contain the reading matter which the plaintiff agreed should be placed upon the same," viz., the words "corner of Dearborn street;" (2) the calendars "were to be securely fastened to a double mat," and were not, in fact so fastened; (3) the calendars "were to be numbered consecutively according to the day of the month and year," and were not so numbered; (4) "said goods and merchandise should have been delivered on the first day of December, 1912, but the same were not so delivered;" and that the alleged defective condition of the calendars was not discovered, and defendant was unable to discover the same, until the calendars had been in use for several months, and the "wear and tear incident to the use which they were put to revealed that condition."

On motion, this affidavit of merits was stricken from the files and judgment was entered, as by default, for want of a sufficient affidavit of merits. To reverse the judgment, defendant prosecutes a writ of error.

Defendant urged as ground for reversal that the affidavit of merits stated a good defense to plaintiff's claim and that the court erred in striking it from the files and entering judgment.

LESLIE H. WHIPP, for plaintiff in error.

ELBERT C. FERGUSON, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 323*—*when affidavit of merits does not state valid defense.* In an action to recover the price of pad calendars sold and delivered, an affidavit of merits alleging that the calendars were in defective condition and not the same as ordered, and in effect admitted that defendant received and used the calendars and did not return or offer to return them at any time, *held* not to state a valid defense, where it did not allege that there was any express warranty of the quality or condition, that plaintiff was a manufacturer of the calendars or that they were made to order.

2. SALES, § 323*—*when affidavit of merits does not state valid defense.* In an action for the purchase price of goods sold and delivered, an affidavit of merits setting up as a defense that the goods were not delivered at the time agreed upon, *held* not to state a valid defense, where there was no averment that defendant was damaged thereby, and the averment was apparently inserted in the affidavit only as one of the alleged facts supporting the theory that the goods delivered "were not the goods sold."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.